## Towson vs. The Havre-de-Grace Bank.

APPEAL from *Baltimore* county court. The plaintiffs (now appellees,) brought an action on the case against the defendant, (the appellant,) being an innkeeper, for the loss of goods, &c. The declaration states, "That whereas, according to the law and customs of this state, innkeepers, who keep common inns to entertain persons travelling by, or sojourning at the places where such inns are kept, by day and night, are to keep and preserve such guests and their money, goods and chattels, and also the money, goods and chattels, of any other citizens or bodies politic of this state, being in the lawful custody of such innkeepers in such inns. And whereas the defendant, on the 27th of September, 1816, and long before and afterwards, was an innkeeper, and held a common inn in the city of *Baltimore*, to wit, at the county aforesaid, to entertain persons travelling there, and sojourning in the said inn, and one *John Hogg*, who was in this transaction the servant of the plaintiffs, then possessed of a large sum of money, to wit, the sum of $1000 in bank notes, the property of and belonging to the plaintiffs, and travelling in the said county, and so sojourning in the said inn of the defendant, the same day and year aforesaid, then and there delivered into the lawful custody of the defendant the said sum of money in bank notes, to wit, $1000, belonging to the plaintiffs as aforesaid, and which said sum of money the defendant then and there had in his lawful custody in the said inn. Yet some malefactor, resorting to or harboured in the said inn, afterwards, to wit, on the 28th of September, in the year aforesaid, by default and negligence of the defendant, and by the default, negligence, or fraud of his servants, or some one or more of them, took and carried away the said sum of $1000 in bank notes, then and there being in the said inn, and in the lawful custody of the defendant, to wit, at the county aforesaid, and other wrongs to the plaintiffs then and there did, against the laws and customs aforesaid, to the damage of the plaintiffs $1500; and therefore they bring suit, &c."

If a bank delivers to J H notes of the bank, with a request to pass them away for the benefit of the bank, or if that could not be effected, to return them, which he agreed to do, he was, *quo ad hoc*, the servant of the bank.

Common innkeepers, without any particular contract or agreement for that purpose, are answerable for all losses in their inns, happening either by the acts or negligence of themselves or their servants, to travellers and guests received by them; and if a servant is robbed of his master's money, or goods, the master may maintain an action against the innkeeper in whose house the loss was sustained.

Innkeepers are answerable, by reason of the profit arising either from the keeping the horses, &c. of their guests, or from entertaining of the guests themselves, in the case of money or other property, from the keeping of which alone no profit can arise. It is the profit which alone creates his liability, and it matters not out of whose funds the expenses of the guest are defrayed.

An objection that the allegation in the declaration is of the loss of money in bank notes, and that bank notes are not money, cannot be sustained

---

An innkeeper is only answerable for money, or other dead property lost in his inn, where the party losing it was a guest at the inn at the time of the loss.

In an action against an innkeeper for the loss of dead property in his inn, it is necessary to set out in the declaration that the plaintiff was a guest at the inn at the time of the loss.

Where a charter incorporating a bank reserves for the use and benefit of the state certain shares of the capital stock, to be subscribed for in such manner as the legislature may direct, and also provides that any director, &c. holding any shares therein, who shall commit any fraud, &c. shall be liable to prosecution by indictment in the name of the state: it is a public law, and must be judicially taken notice of as all other public laws.

1823.

Towson
vs
The Havre-de-
Grace Bank

The defendant pleaded the general issue; and on the facts given in evidence at the trial, which are fully stated in the opinion delivered by this court, the defendant prayed the opinion of the county court, and their direction to the jury, that the plaintiffs were not entitled to recover. Which opinion and direction the court, [*Dorsey*, Ch. J. and *Ward*, A. J.] refused to give. The defendant excepted, and the verdict and judgment being against him, he appealed to this court.

The cause was argued before BUCHANAN, MARTIN and STEPHEN, J.

*Winder* and *R. Johnson*, for the appellant, contended, that the judgment ought to be reversed—1. Because there was no averment in the declaration that at the time, the bank notes, for whose value this action was brought, were taken out of the appellant's inn; *Hogg*, who the appellees state to have been their servant, was abiding in the inn as a guest. 2. That *Hogg* was not such a servant of the appellees as entitled them to maintain this suit. 3. Because the appellees were not bound to the appellant for *Hogg's* expenses at the inn, nor answerable to *Hogg* for the same. 4. That where goods in the possession of a traveller for his own use and benefit, either on loan or hire, are deposited by him with an innkeeper where he may sojourn, and the goods are stolen, will not entitle the lender or hirer to an action against the innkeeper on the custom. 5. That an innkeeper in *Baltimore* was not bound to be the depositary of money, with which a traveller might be in possession, on account of another; and that the loss of money, so deposited, would not give an action on the custom to the owner of the money. 6. Because the property alleged to have been in the possession of *Hogg*, and lost in the appellant's inn, was not legally and sufficiently described in the declaration, it being called a *sum of money* of $1000 in *bank notes*, and throughout the declaration treated as *money*; and the declaration did not state of what bank the notes were made by, nor the number of them, nor the amount for which the several notes were made. 7. That there was no evidence that the plaintiffs had a right to sue. On the *first point* they contended, that the plaintiff must state in his declaration every material thing necessary to his action. They referred to 5 *Bac. Ab.* tit. *Pleas &*

1823.

Towson
vs
The Havre-de-
Grace Bank

*Pleadings*, (B) 329, 332, 333, 346. *Pinkney vs The Inhabitants*, &c. 3 *Saund.* 379, *(note* 13.) *Fontleroy vs. Aylmer*, 1 *Ld. Raym.* 239. An action against an innkeeper is founded upon the relationship between guest and host. They referred to *Calye's* Case, 8 *Coke*, 32. 2 *Esp. Dig.* 254, *(626,)* 256, *(628.)* 3 *Bac. Ab.* tit. *Inns & Innkeepers*, 666. There is no averment in the declaration that *Hogg* continued at the inn, and was there abiding when the goods were lost. They referred to the forms of declarations in 1 *Harr. Ent.* 460. *Coke's Ent.* 347. *Yelv.* 162. *Cro. Jac.* 224. 2 *Chitty's Plead.* 273. *Rast. Ent.* 404, 405. 3 *Bac. Ab.* tit. *Inns & Innkeepers*, (C,) 666. On the *second point* they referred to *Calye's* Case, 8 *Coke*, 32. On the *sixth point* they contended, that the averment in the declaration, being that the servant was in possession of a sum of money, when the fact was that it was not money but bank notes, and there being no averment of the value of the notes, the declaration is fatal. They referred to 3 *Saund.* 380, *(note* 13.) 2 *Chitty's Plead.* 271, 274, 324. On the *seventh point*, they contended, that it should have been averred in the declaration that the plaintiffs were an incorporated body, and competent to sue, &c. and that the act incorporating them, being a private act, should have been produced at the trial.

*Williams*, for the appellees. 1. The declaration contains sufficient certainty of *Hogg's* being in the inn at the time of the loss of the money. The sojourning commenced on the 27th and continued to the 28th. But it is not necessary to aver the sojourning at the time of the loss, and none of the forms state the guest was abiding in the inn at the time of the loss. The relationship between the guest and host must continue, but it is not necessary to aver it in the declaration. He referred to 1 *Com. Dig.* 297, 298. *Calye's* Case, 8 *Coke*, 32. *Owings vs. Wyatt*, 3 *Harr. & M'Hen.* 393. 1 *Harr. Ent.* 460.

2. 3. It is averred in the declaration that *Hogg* was the servant of the plaintiffs. It is not necessarily to be inferred that the servant's expenses are to be paid by the master. The reason of the law is, that the innkeeper shall have a profit; and therefore it was of no consequence who paid the expenses.

4. Whether the money was the property of *Hogg*, or of the plaintiffs, was a fact for the jury.

5. There was express proof that the defendant was to be answerable if the goods were lodged in the bar of the inn; so that if he was not liable within the custom, his liability came within his own rules.

6. The notes are sufficiently described even as chattels, no matter if they are worth nothing. It was for the jury to find the value. No other description of the notes could be given than has been done. He referred to *Calye's* Case, 8 *Coke*, 32. *Esp. Dig.* 256, *(627.)* Bank notes are as well known as money, and they are to be regarded as money; A tender in bank notes is good if it is not specially excepted to.

7. The act incorporating the plaintiffs is a public law; the state having reserved therein a right to become a stockholder. This objection, if a good one, comes too late after verdict. It should have been made in the court below by plea in abatement.

The opinion of the court was delivered by

BUCHANAN, J. The testimony, (substantially,) on which the appellees rested their case, as stated in the bill of exceptions, was that *John Hogg*, intending to go to *Baltimore* for the purpose of purchasing goods, and having two hundred and fifty dollars in notes of the *Havre-de-Grace Bank*, applied to the cashier of that institution for *Baltimore* paper in exchange, who gave him an equal amount in *Baltimore* paper; but left the notes of the *Havre-de-Grace Bank* in the hands of *Hogg*, and directed him to pass them away in *Baltimore*, for the benefit of the bank, or if that could not be effected, to return them, which he agreed to do; that there was no loan of the notes to *Hogg*, and that the arrangement was made entirely for the accommodation of the bank. That *Hogg* proceeded to *Baltimore*, taking with him the two hundred and fifty dollars in notes of the *Havre-de-Grace Bank*, and put up as a guest at the house of the appellant, who was a common innkeeper in the city of *Baltimore*: That on the evening of the 27th of September, 1816, *Hogg* (being then a guest at the house of the appellant,) intending to go out, gave his pocket book, containing the said two hundred and fifty dollars, to *Aaron Wright*, the bar-keeper of the inn, for safe keeping; that on

the following morning he asked *Wright* for his pocket book, who told him that it was locked up in the appellant's room, who had gone to market with the keys, and that under pretence of going to the market, in search of the appellant, in order to procure the key, *Wright* absconded, and never afterwards returned; that on the return of the appellant from market, *Hogg* asked him for the pocket book, and told him what *Wright* had said, who said that it was not in his room, and that what *Wright* had stated was false, and expressed his fears in relation to the pocket book. That *Hogg* had no intimacy with *Wright*, and did not intrust the pocket book with him on account of any personal confidence reposed in him, but exclusively on account of his situation in the inn; and that neither the pocket book, nor any of its contents, have ever been received or recovered back by *Hogg*, or the appellees. To which there was no opposing evidence. But it was proved, on the part of the appellant, that *Hogg* was in the city of *Baltimore* on his own business, and was alone answerable, and bound to the appellant for his expenses at the inn, and that he never considered the appellees as answerable for them. Whereupon the opinion of the court, and their direction to the jury, that the appellees were not entitled to recover, were prayed by the counsel for the appellant, and the court did right in refusing, upon that testimony, to give the opinion and direction prayed; for from the facts set out as furnishing the cause of action, if true, it is clear that the bank notes, which form the subject of the suit, belonged to *the President and Directors of the Havre-de-Grace Bank*, and that *John Hogg* was intrusted and empowered to dispose of them for the benefit of the bank, and was, *quo ad hoc*, the servant of that institution. Common innkeepers, without any particular contract or agreement for that purpose, are answerable for all losses in their inns, happening either by the acts or negligence of themselves, or their servants, to travellers and guests received by them; and if a servant is robbed of his master's money or goods, the master may maintain the action against the innkeeper, in whose house the loss was sustained. Here it appears that the appellant was a common innkeeper; that the pocket book, containing the bank notes belonging to the *Havre-de-Grace Bank*, was given for the safe keeping by *Hogg*, to the bar-keeper of the inn; that the pocket

1823.

Towson
vs
The Havre-de-
Grace Bank.

book and notes were lost, and never regained; and that Hogg, at the time they were so lost, was a guest at the inn, received there by the appellant. But it is said, that it does not appear that the appellees are a corporate body, and had a right or power in law to sue. To which it is answered, that the *Havre-de-Grace Bank* is chartered by an act of the legislature of the state, and that the charter or act of incorporation reserves, for the use and benefit of the state, five hundred shares of the capital stock, to be subscribed for in such manner as the legislature may direct, thus connecting the institution with the fiscal concerns of the state; and in the 22d section provides, that any director, officer, or other person, holding any share, &c. of the said bank stock, who shall commit any fraud or embezzlement, touching the money or property of the bank, shall be liable to prosecution, by indictment, in the name of the state. It is therefore deemed a public law, which requires not to be proved as a private act, but must be judicially taken notice of as all other public laws. There is nothing in the argument attempted to be drawn from the evidence, offered on the part of the appellants, that *Hogg* was, at the time of the robbing or loss, in the city of *Baltimore* on his own business, and was alone bound for his expenses at the inn. Innkeepers are answerable, by reason of the profit arising either from the keeping of the horses, &c. of their guests, or from the entertaining of the guests themselves, in the case of money or other property, from the keeping of which alone no profit can arise. So, that if a guest goes to an inn, and leaves his horse there with the host, and goes away himself for a time, and in his absence, the horse is stolen, the host is chargeable, on account of the profit arising from the keeping of the horse; but if he goes away for several days, leaving money, or other dead property there, which is stolen or lost during his absence, the host is not answerable for the loss, as at that time he was deriving no profit or gain, either from the keeping of the money or goods, or from the entertaining of the guest himself. It is the profit then to the innkeeper which alone creates his liability, and it matters not out of whose funds the expenses of the guest are defrayed, it is enough that he receives the consideration from whence his responsibility arises, the premium for his risk.

1823.

Towson
vs
The Havre-de-
Grace Bank

Thus it is said in a case in *Yelverton*, that "if A sends his money by his friend, who is robbed in the inn at which he is a guest, A shall have the action."—And there is no reason why it should not be so, the innkeeper being chargeable, not on the ground that he entertains the *owner* of the money, or other goods, but because he receives, no matter by whom paid, a compensation for the risk. The judgment in this case, therefore, ought to be affirmed, if there was no other objection than what grows out of the bill of exceptions. But after verdict, there was a motion in arrest of judgment, and the reasons assigned are, that the allegation in the declaration is of the loss of money in bank notes, and that bank notes are not money, and that the declaration is uncertain and insufficient in point of law; which are also insisted on here, as objections to the declaration. The former of these objections, that bank notes are not money, cannot be sustained; they answer all the purposes of money, in the ordinary concerns of the community; by common assent they are treated as money in the payment of debts, the purchase of goods and lands, and in the every day transactions between man and man, and at this hour can only be considered as such. They are a legal tender, unless specially objected to at the time, and will pass by will, under the general description of money—as "all my money in such a draw."

But the other objection is fatal. It is a general rule in pleading, that the declaration must show a title in the plaintiff—a legal cause of action. A title defectively set out, may be cured by verdict, but the gist, and every thing that is of the essence of the action, must be set forth; and that is of the essence of the action, without which, the court could have no sufficient ground to give judgment, though the fact alleged be found for the plaintiff, and may be moved in arrest of judgment.

An innkeeper is only answerable for money, or other property, lost in his inn, where the party losing it was a guest at the inn at the time of the loss, the profit arising from the entertaining of the guest, as before remarked, being the foundation of his liability.

In an action therefore against an innkeeper, for the loss of such property in his inn, it is necessary to be set out in the declaration, that the plaintiff was a guest at the inn at the time of the loss, that being the essence of the action,

without which the court could have no sufficient ground to give judgment.

In this case it is alleged in the declaration, that *Hogg* was a guest at the inn of the appellant on the 27th of September 1816, and that afterwards, on the 28th of September, the money was stolen, without stating that he was a guest there at the time, or on the day that it was taken away, and thus showing no cause of action. For though a guest on the 27th, *non constat* that he was there on the 28th. For any thing appearing in 'the declaration he might have gone away. It is not the case of a title defectively stated, which might be good after verdict, but one, in which no title or cause of action is set out, or foundation laid for a judgment.

The declaration is therefore radically defective, and not cured by the verdict; and the motion in arrest of judgment ought to have prevailed.

JUDGMENT REVERSED.