## L. U. MALTBY vs. PEARSON CHAPMAN.

BAILMENT: INN-KEEPERS,—LIABILITIES OF: CODE, ART. 70, SECS. 5 AND 6.—The common law liability of an Inn-keeper for the loss by his guest of his watch, guard, and pocket-book, containing a sum of money, not more than sufficient for his travelling expenses, which were stolen from the sleeping apartment of the guest, is not released by a compliance on the part of the Inn-keeper with the requirements of Art. 70, secs. 5 and 6 of the Code—the articles referred to, except the money, not being of the class embraced in the provisions of the Code, and the sum not such an one as could reasonably be included in those provisions.

PROVINCE OF COURT AND JURY.—The question, whether the sum of money lost was reasonable and necessary for the travelling expenses of the guest, is properly one for the jury.

APPEAL from the Court of Common Pleas of Baltimore city:

This was an action of *trespass on the case* brought by the appellee against the appellant, on the 4th of January, 1864, to recover the value of a watch, watch-guard and pocket-book, containing ninety dollars in bank notes, stolen on the night of October 21st, 1863, from a room occupied by him

as a guest in the Maltby House, a hotel of which the appel-
lant was then proprietor. No question arose at the trial as
to the pleadings—all errors of pleading having been waived
by agreement.

*Exception.* At the trial of the cause, the plaintiff, *Pearson
Chapman,* being sworn and examined, testified as follows: That
on the 21st of October, 1863, he and his cousin, Robert F. Chap-
man, put up at the Maltby House; that at night they retired
to their room, and having examined the door thereof, and
locked it, they soon went to sleep; that before going to bed,
however, the attention of the witness was called to the catch
of the bolt on the door as being out of place, and that neith-
er he nor his cousin could bolt it; that in the morning
he found that he had been robbed of his watch and pocket-
book containing $90; that he examined the door and found
it unlocked; that he valued the watch at $50.00; the watch-
guard at $1.00; the pocket-book at $1.25, and the money
stolen at $90.00; making in all a loss of $142.25; and that
he called upon Mr. Maltby, the defendant, and stated his
loss, and the circumstances attending it, and Mr. Maltby
said, he would try and recover the property.

Upon cross-examination the witness said, that in a conver-
sation between himself and cousin, before retiring, they
thought the bolt had been placed in the condition it was
designedly; that neither he nor his cousin went down stairs
to inform the proprietor about the bolt, but locked the door
and went to bed; and that the witness observed a placard
on the inside of the door, but did not read it.

*Robert F. Chapman,* a witness on behalf of the plaintiff,
being sworn, testified to the same effect as the aforegoing.
The plaintiff here rested his case.

The defendant then produced on his behalf, *A. B. Miller,*
who being sworn, testified that he was the clerk at the Malt-
by House at the time the plaintiff and his cousin stopped
there; that the robbery was mentioned to him, and he stated

the circumstances to Mr. Maltby; that Mr. Maltby then sent witness up to bolt the door, and he went up and did it without difficulty; that Mr. Maltby had a safe for money, jewelry and plate, in the office of the hotel. The witness then examined a card which was shown him, and testified that it was a duplicate of the one nailed on the door of the room which Mr. Chapman occupied.

The card referred to, among other things, contained the following: "Notice.—An Act of the Legislature of Maryland requires guests of a Hotel to deposit money and plate at the office to be locked up in the iron safe. They cannot recover for any loss occurring in their chambers. Bolt your doors on retiring to bed."

*Mr. Smith*, a witness for the defendant, being sworn, testified, that he was a detective, employed by Mr. Maltby, to ferret out this robbery; that he visited the room, No. 122, pointed out by Mr. Miller on the morning after the robbery and saw Mr. Miller bolt the door without difficulty.

The evidence being closed, the plaintiff thereupon prayed the Court to instruct the jury as follows :

"If the jury believe from the testimony offered in this cause that at the time when the wrong is alleged to have been done in the declaration, the defendant was an inn-keeper in the city of Baltimore, and that while being such inn-keeper the plaintiff became his guest and paid his board to the defendant, and also believe that whilst such guest, the plaintiff was robbed of the watch and other articles, and of the money mentioned in the declaration, then the plaintiff is entitled to recover the value of such articles and money, provided the jury shall further believe that this sum of money, alleged to be lost, was a reasonable and necessary sum for the plaintiff's travelling expenses." Which prayer having been granted by the Court, (KING, J.,) the defendant excepted.

The defendant then asked the Court to instruct the jury as follows :

"If the jury shall find from the evidence in this cause that the defendant in October, 1863, was the keeper of a public ordinary or hotel in the city of Baltimore, and as such, 'provided an iron safe or other secure depository for the keeping of money, jewelry and plate belonging to his guest,' and that on or about the 21st of October, 1863, the plaintiff came to said hotel and obtained a room and other accommodations therein, and shall further find that in the chambers of said hotel and other conspicuous places about said premises there were 'printed notices' notifying the guests of the house of the provisions of the 5th section of Article 70 of the Code of Public General Laws, and requesting them to deposit their money and plate with him or his agent.

"And if they shall further find that the plaintiff when he came to said hotel had in his possession the goods, chattels and money mentioned in the declaration in this cause, and failed to deposit the same with the proprietor of said hotel or his agent for safe keeping, and that the same were lost by or stolen out of the room of the plaintiff while stopping at said hotel or ordinary, then the plaintiff is not entitled to recover, unless the jury shall further find that the loss occurred from collusion or positive negligence on the part of the defendant or his agents."

Which prayer the Court rejected, and the verdict and judgment being for the plaintiff, the defendant appealed.

The cause was argued before BARTOL, GOLDSBOROUGH, COCHRAN and WEISEL, J.

*T. M. Lanahan*, for the appellant, argued:

That the plaintiff below was not entitled to recover, and the Court of Common Pleas should have granted the appellant's prayer because the appellee failed to deposit his money and valuables with him or his agent for safe-keeping, agreeably to section 5 of Article 70 of the Code of Public General

Laws. That the case of *Pettigrew vs. Barnum*, 11 *Md. Rep.*, 434, was considered as inflicting great injustice upon landlords, and the Act of 1854, chap. 323, now embodied in the Code, was passed to remedy this evil.

*William A. Stewart*, for the appellee argued:

1. That prior to the passage of the Act of 1854, chap. 323, an inn-keeper was responsible for all losses happening to the goods of his guests, such as money, baggage, jewelry and personal ornaments, appropriate for a traveller's wardrobe, while they remained within the inn, unless such losses were occasioned by some agency over which human power could exercise no control, or by the act of public enemies, or by the conduct of the guest himself or his servant, or some companion whom he chose to take into his room with him.— *Owings vs. Wyant*, 3 *H. & McH.*, 393. *Towson vs. Havre-de-Grace Bank*, 6 *H. & J.*, 47. *White vs. Wagner*, 4 *H. & J.*, 391. *Pettigrew vs. Barnum*, 11 *Md. Rep.*, 434.

2. The Act of 1854, chap. 323, merged in secs. 5 and 6 of Article 70 of the Code, shifted this responsibility from the landlord, in the case of money, jewelry and plate, on certain conditions: 1. That he shall provide an iron safe or other secure depository for the keeping of such articles belonging to his guests; and, 2. That he shall cause written or printed notices to be put up in his chambers and other conspicuous places about his house, notifying his guests of the purport of the law, and requesting them to deposit their money and plate with him or his agent, to be designated by such notice. It is necessary that the landlord should prove that he has complied with both of the above requisites in order to exempt him from responsibility. *Code, Art. 70, sec. 6.*

3. The notice in evidence is not such a compliance with the Code, either in letter or spirit, as will place the landlord under its protection; the law, being in derogation of the

Common Law, its provisions should be strictly complied with.

4. The Court properly rejected the defendant's prayers because neither the watch, watch-guard nor pocket-book, came within the description of money, plate or jewelry, and, therefore, it would have been error, even admitting the defendant's construction of the law for the sake of argument to be correct, to say that the plaintiff could not recover the value of those articles. The Court is entitled, absolutely, to reject a prayer, if at all erroneous. *Webster's Dictionary, Art. Jewelry. McCormick vs. Hudson River R. R. Co.*, 4 *E. D. Smith*, 182. *Doyle vs. Coms. of Baltimore County*, 12 *G. & J.*, 484. *Code, Art.* 93, *sec.* 207. *Pope vs. Hall*, 14 *Lou. An. Rep.*, 324. *Profilet vs. Hall*, 14 *Lou. An. Rep.*, 524.

5. The law as stated in the plaintiff's prayer was correct, and properly granted. The provision in the Code is an imperfect copy of the New York statute of 1855, chap. 421, and the interpretation of that statute by the Courts of New York, although not conclusive upon Courts outside of that State, is, nevertheless, a safe guide to be followed in construing the same language. The word "money," in the Code, is designed to cover large sums carried by travellers in packages or otherwise, and not loose change or small sums necessary for the ordinary travelling expenses of the guest. The plaintiff is entitled to recover such reasonable amount as the jury in their discretion may deem just and proper. *Van Wyck vs. Howard*, 12 *Howard's Pr. Reps.*, 147. *Stanton vs. Leland*, 4 *E. D. Smith*, 88. *Taylor vs. Monnot*, 4 *Duer*, 116. *Gile vs. Libby*, 36 *Barb.*, 70. *Buddenberg vs. Benner*, 1 *Hilton*, 84.

COCHRAN, J., delivered the opinion of this Court.

The subject of an inn-keeper's liability at common law,

for losses sustained by a guest, was considered in *Petti-
grew vs. Barnum*, 11 *Md. Rep.*, 434, and upon the princi-
ples there enunciated, it is very clear that the appellant
became liable for the loss complained of, if not protected by
the 5th and 6th sections of Art. 70 of the Code.   These sec-
tions provide a mode by which an inn-keeper, under the
circumstances therein mentioned, may protect himself from
liability to his guest for losses of money, plate and jewelry,
but not for other kinds of property.  The evidence here shows
that the articles stolen from the room of the appellee, while
a guest of the appellant, were a watch, watch-guard, pocket-
book, and ninety dollars in money ; and looking to the pur-
pose and terms of these provisions of the Code, it is mani-
fest that a compliance with them could not relieve the
appellant from liability for the loss thus shown.   All of
these articles, with the exception of the money, were of a
class not within the statutory provisions referred to, and the
appellant could not, even by complying with their require-
ments, exempt himself from liability for their loss.    The
prayer offered on his behalf asserts a proposition altogether
inconsistent with this limitation of his statutory privilege,
and was properly rejected for that reason.

The case appears to have been submitted to the jury under
an instruction wholly free from objection.   Assuming that
the appellant was entitled to the protection afforded by a
compliance with the requirements of sections 5 and 6 of
Art. 70, the only objection that could be made to the in-
struction is, that it left the question, as to the appellant's
liability for the stolen money, to the jury.   This objection,
however, cannot be maintained upon a true construction of
these provisions of the Code.   As we understand them, they
do not require the guest of an inn, to protect himself from
loss, to place money, necessary for his personal expenses as
a traveller, in the personal custody of the inn-keeper.   He
might guard against losses by theft or pillage, by taking that

course, but these provisions cannot be said to contemplate protection to the guest or inn-keeper through or by means of such a personal inconvenience to the guest. They evidently relate to money not necessary for personal use, and such as can be deposited with the inn-keeper without personal inconvenience to the guest. This question was considered in the case of *Gile vs. Libby*, 36 *Barb.*, 70, where it arose upon the construction of a similar statute, and the conclusion reached, sustained the views here presented.

The question, whether the sum of money lost was reasonable and necessary for the appellee's travelling expenses, was clearly one for the jury; and if the sum lost was reasonable and necessary for such expenses, the instruction granted by the Court was correct.

*Judgment affirmed.*

(Decided June 28th, 1866.)