# MICKEY v. SEARS, ROEBUCK & COMPANY
### [No. 25, October Term, 1950.]

*Decided November 3, 1950.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, HENDERSON and MARKELL, JJ.

*Joseph W. Spector* and *Donald T. A. Fair,* with whom was *Samuel B. Bechkes* on the brief, for the appellant.

*George Gump,* with whom were *Frank, Skeen & Oppenheimer* on the brief, for the appellee.

HENDERSON, J., delivered the opinion of the Court.

The appellant brought suit in three counts against the appellee for the alleged conversion or loss of $589.71 in cash. Upon demand for particulars, the plaintiff answered that the particulars of the first two counts were fully and completely set out in the third count. The third count recited that the plaintiff on April 14, 1949 cashed a check for the purpose of meeting a payroll, and put the sum of $589.71 in his leather brief

case; he then drove in his automobile to the appellee's store to make a purchase of electrical materials and supplies; that while carrying his purchases from the loading platform on the premises to his parked automobile, he left the brief case containing the money on the platform, "whereupon it was taken in charge by the servants, agents and employees of the Defendant, and was in their sole and exclusive possession until the return of said brief case to the Plaintiff on the following day, whereupon it was discovered that although the brief case had allegedly been in the property rooms of the Defendant, that said brief case had had extracted and removed therefrom the sum of $589.71, and that the Defendant, having taken charge of the Plaintiff's brief case, containing the sum of $589.71, owed him the further duty of properly safeguarding the same, so that he be not deprived of the use, benefit and ownership of the same." In reply to the demand for particulars the plaintiff also stated: "That the name and address of the agent, servant or employee of the Defendant who converted to the Defendant's own use the goods and property of the plaintiff * * * is in the particular knowledge of this Defendant and therefore cannot be furnished by the Plaintiff". Demurrers to the declaration as particularized were sustained, and the plaintiff declining to amend, judgment was entered for costs. The case comes here on appeal from that judgment.

As was stated in *Livingston v. Stewart & Co.*, 194 Md. 155, 159-160, 69 A. 2d 900, 901: "after a declaration has been amplified by a bill of particulars, a demurrer to the declaration raises the question of sufficiency of the declaration as particularized. The bill of particulars thus does not expand but limits the scope and generality of the declaration. *Cleaves v. Sharp & Dohme, Inc.*, 166 Md. 546, 171 A. 374." The appellant's contention that the first two counts, alleging conversion by the agents, servants and employees of the defendant to the defendant's own use, are not open to demurrer, is without merit. These counts were not expanded by the plain-

tiff's statement of his inability to supply the names of such agents, servants or employees. On the contrary, the generality of the language of these counts is limited by the particulars supplied in the third count. The question is whether these allegations make out a case.

It may be noted at the outset that the third count does not allege conversion, but merely alleges a duty on the part of the defendant to return the brief case intact, after it assumed custody of the brief case. The declaration, as particularized, does not clearly allege that the plaintiff left the brief case in charge of the defendant or its agents, but merely that he left it on the loading platform, which was in charge of the defendant's employees, *"whereupon* it was taken in charge" by the employees of the defendant, until he claimed it on the following day. It is entirely consistent with this allegation that some interval of time elapsed during which the money may have been extracted by a third person before the brief case was taken in charge. The appellant however, relies upon the subsequent parenthetical clause, "the Defendant, having taken charge of the Plaintiff's brief case, containing said sum", as alleging that the money was in the brief case when taken in charge.

Assuming that the allegation is sufficiently definite on this score, it is conceded that the defendant became a gratuitous bailee of the brief case. It is generally recognized that the owner of premises where personal property is mislaid by an invitee has a right to possession as against everyone except the true owner. *Norris v. Camp,* 10 Cir., 144 F. 2d 1. When he takes possession, he becomes a gratuitous bailee by operation of law, with a duty to use ordinary care to return it to the owner. However, the appellee contends (1) that there is no allegation of a want of ordinary care, and negligence cannot be inferred from the mere fact that the money was extracted while in the bailee's possession, and (2) that in any event such a bailee cannot be held liable for the return of unusual contents, of which he had no knowledge or notice.

In the case of a bailee for hire, liability is usually, though not always, asserted in a contract action. *Goldberg v. Kunz*, 185 Md. 492, 45 A. 2d 279; *Farmer v. O'Carroll*, 162 Md. 431, 443, 160 A. 12. In the case of a gratuitous bailee, or bailee without reward, there is no contract and he is liable only for wrongful conduct. *Schermer v. Neurath*, 54 Md. 491, 496. The doctrine is derived from the civil law and many of the cases state that he is liable only for "gross negligence", following *Coggs v. Bernard*, 2 Ld. Raym. 909, but in *Maury v. Coyle*, 34 Md. 235, a prayer was approved that defined the liability of an unpaid bailee as "that he is bound to observe such care in the custody of property committed to his keeping, as persons of ordinary prudence in his situation and business, usually bestow in the custody and keeping of like property belonging to themselves". *Schermer v. Neurath, supra.* The appellee argues that in the instant case the placing of the brief case in its property room demonstrates that ordinary care was exercised, there being no allegation that this was not a safe place.

It also argues that the declaration does not negative the possibility that the money was extracted by a burglar or thief despite reasonable precautions on the part of the defendant, in which event the defendant would not be responsible. *Schermer v. Neurath, supra; American Dist. Tel. Co. v. Walker*, 72 Md. 454, 461, 20 A. 1. If the injury complained of could have arisen from two causes or conditions, for one only of which the defendant was responsible, then a case has not been made out. *Realty & Mtg. Co. v. Ulrich*, 164 Md. 666, 670, 165 A. 708. The appellant contends that the declaration, as particularized, does allege a conversion by employees of the defendant, although it is admitted that the names of such employees are unknown to him, and there are no allegations of negligence in the selection of such employees or their assignment to the duties of custody. *Cf. Goldberg v. Kunz, supra.* It is also argued that since the declaration definitely alleges the bailment, and failure

to deliver, the burden of justifying such failure through the intervention of a cause beyond the defendant's control rests upon the defendant. *Gray v. Frazier,* 158 Md. 189, 148 A. 457; *Security Storage & Trust Co. v. Martin,* 144 Md. 536, 550, 552, 125 A. 449, 455. In the latter case it was said that the "failure to deliver and account for the bonds should be treated as *prima facie* evidence of the negligence of the defendant in not exercising ordinary or reasonable care and diligence in the safe-keeping of the contents of the box." See also *Roueche v. Hotel Braddock,* 164 Md. 620, 626, 165 A. 891.

We find it unnecessary to determine in the instant case whether the rule or presumption relied upon is sufficient to distinguish the case from *Livingston v. Stewart, & Co., supra,* where it was held that the doctrine of *res ipsa loquitur* could not be availed of to take the place of definite allegations of negligence in a declaration. In any event the declaration does not allege any knowledge on the part of the defendant, or notice to it, that the brief case contained money. If the nature of the contents had been disclosed, it may be assumed that the defendant would have exercised greater care (as for example depositing it in a safe rather than the property room). In the absence of any knowledge, the defendant may well have assumed that the brief case contained papers of little or no value to anyone except the owner. But the cases do not seem to turn upon the degree of care relative to the non-disclosure. On the contrary, the weight of authority seems to be that knowledge or notice is a necessary prerequisite to a bailment of the contents.

In Williston, Contracts (Rev. Ed.) § 1038A, in discussing "involuntary" bailees, it is said: "The general rule is that the bailment of a receptacle does not entail liability for inclosed articles other than those known to the bailee or ordinarily contained therein, though, of course, the bailee is under a duty of reasonable care to protect the receptacle in the condition in which it is received." See also Van Zile, Bailments (2nd ed.) §

18; *Sawyer v. Old Lowell Nat. Bank,* 230 Mass. 342, 119 N. E. 825; *D. A. Schulte, Inc. v. North Terminal Garage Co.,* 291 Mass. 251, 197 N. E. 16; *Riggs v. Bank of Camas Prairie,* 34 Idaho 176, 200 P. 118; *Waters v. Beau Site Co.,* 114 Misc. 65, 186 N. Y. S. 731, and notes 1 A. L. R. 272; 18 A. L. R. 87. See also *Palotto v. Hanna Parking Garage Co.,* Ohio App., 68 N. E. 2d 170; and note 45 Mich. L. R. 625. In *Wurmser, Inc. v. Interstate Hotel Co.,* 148 Neb. 660, 28 N. W. 2d 405, failure of the depositor to inform the hotel management that his sample case contained diamonds was held to be contributory negligence barring recovery.

The Maryland case of *Pettigrew v. Barnum,* 11 Md. 434, 449, recognizes the same principle. That was a suit to recover damages for the robbery of the trunk of a guest in a hotel, which contained wedding presents consisting of silver knives, forks and spoons. It was held that although the landlord is absolutely liable for what may be considered baggage, "it is not within the implied contract of the landlord, that he will be responsible for all goods which may be brought to his house, merely because they happen to be in a trunk." See also *Treiber v. Burrows,* 27 Md. 130, where a landlord was held not liable for the loss of $1,500 in currency, stolen from a guest's trunk.

Since the declaration, as particularized, fails to allege knowledge on the part of, or notice to, the defendant as to the money contained in the brief case, we think the demurrer was properly sustained.

*Judgment affirmed, with costs.*