## Nelson Manning *vs.* William S. Brown, Corrilla Brown and Hall Brown.

### RIGHT OF ENTRY.

*Statute of 5 Rich. 2, ch. 8—Forcible Entry—Manner of Entry allowed by law—Forcible Entry punished criminally, but affords no private right of action for damages—Pleading— When liberum tenementum may be given in evidence under the general issue of not guilty— When proper to plead liberum tenementum—Evidence necessary to recover in an action of Trover.*

At common law, and prior to the old statutes to restrain forcible entries, whenever a right of entry existed, the party entitled to such right might lawfully enter, oust the disseisor, and regain the possession by force, if force was necessary for that purpose.

The Statute of 5 Rich. 2, ch. 8, enacted that none should make any entry into lands and tenements but in cases where entry was given by the law; and in that case, not with strong hand, nor with a multitude of people, but only in a peaceable and easy manner.

Since this statute, as before its passage, the owner of real property, having a right of entry, may enter peaceably upon one who is in possession without right.

But if the entry of such party be with a strong hand or a multitude of people, it becomes an offence for which he is made *criminally* liable under the statute.

It does not follow, however, because the party making the entry may have committed an offence against the public peace, that therefore the party holding by wrong should have a private right of action for damages.

If the owner of land wrongfully held by another enter and expel the occupant, but makes use of no more force than is reasonably necessary to accomplish this, he will not be liable to an action of trespass *quare clausum,* nor for assault and battery, nor for injury to the occupant's goods, although, in

Manning *vs.* Brown.

order to effect such expulsion and removal, it becomes necessary to use so much force and violence as to subject him to indictment at common law for breach of the peace, or under the statute, for making a forcible entry.

If in effecting the entry and clearing the possession, there be any unnecessary force used or any want of reasonable care, whereby injury be done the person or goods of the occupant, an action may be sustained for such injury.

Although in general *liberum tenementum* may be given in evidence under the general issue of not guilty, yet if the defendant in taking possession of the close has necessarily injured or destroyed or *removed* goods, *the property of the plaintiff*, it is proper to plead *liberum tenementum*, justifying such acts as to the personalty, and the general issue is not sufficient.

To entitle a plaintiff to recover on a count in trover in his declaration, there must be evidence of intention on the part of the defendants either to take to themselves the property in the goods or to deprive the plaintiff of them.

APPEAL from the Circuit Court for Carroll County.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., BOWIE, BRENT, ALVEY and ROBINSON, J.

*Charles T. Reifsnider* and *Smith & McKellip*, for appellant.

*Wm. P. Maulsby*, for appellees.

ALVEY, J., delivered the opinion of the Court.

The declaration in this case contains two counts; the first in trover, alleging that the defendants converted to their own use, and wrongfully deprived the plaintiff of the use and possession of his goods, which are described; and the second in trespass, for breaking and entering the dwelling-house of the plaintiff, and there seizing and carrying away his goods and chattels, also described.

That the first count is in trover, it is only necessary to refer to the *Code, Art.* 75, *sec.* 22, *prec.* 29; and *Bull &*

*Leake's Prec.*, *p.* 290 ; see also the cases of *Burroughes vs. Bayne*, 5 *H. & N.*, 296, 310, and *Pillot vs. Wilkinson*, 2 *H. & Colt.*, 72, 82.

The defendants pleaded, 1st, That they did not commit the wrongs alleged; 2ndly, That the defendant Corrilla was seized of the premises mentioned in her own right, and that she entered thereon and removed therefrom the plaintiff's goods and chattels, as of right she could do; and, 3rdly, That the defendant Corrilla was seized of the premises mentioned in her own right, and that the other two defendants, by her direction and at her request, entered the said dwelling-house, and removed therefrom the goods and chattels of the plaintiff, as they lawfully did and might do.

As to these two latter pleas, if they were intended to be pleas of *liberum tenementum*, as we suppose they were, they are radically defective, and would have been so declared on demurrer; for, as will be observed, they do not state that the defendant Corrilla was seized of a present freehold estate, or, indeed, of any designated estate whatever. For aught that appears in these pleas, her estate in the premises may have been quite subordinate to that of the plaintiff; and, as special pleas in bar, they fail to give the plaintiff any color whatever, which would have rendered them bad on demurrer. 1 *Chit. Plead.*, 504 ; *Hunter vs. Hatton*, 4 *Gill*, 125. According to the authorities, *liberum tenementum* would be the appropriate plea in a case like the present. "Although in general *liberum tenementum* may be given in evidence under the general issue of not guilty, yet if the defendant, in taking possession of his close, &c., has necessarily injured or destroyed or *removed* goods, *the property of the plaintiff*, it is proper to plead *liberum tenementum* justifying such acts as to the personalty, and the general issue is not sufficient." 1 *Chit. Pl.*, 505. But as the question of the sufficiency of these pleas was not raised by demurrer or·

motion in arrest, we shall treat them, upon the issues joined thereon, as involving the question of the *right* to immediate possession of the premises by the defendant, Corrilla, as against the plaintiff, and her justification, and the justification of those acting under her authority, for entering the premises and removing therefrom the goods of the plaintiff; but, of course, though pleaded to the declaration generally, they are applicable only to the second count of the *narr*.

The facts of the case are these: Jesse Manning, by his will, devised to his wife for life certain real property, consisting of lots and tenements in the town of Westminster, Carroll County; and after the death of the wife to his daughter Corrilla Brown, wife of William S. Brown, for life. The plaintiff is a brother of the defendant Corrilla, the devisee; and during the life of the mother, the first devisee for life, the plaintiff, who lived with his mother, was lodged, and, by request of the mother, occupied a room in one of the houses devised to her for life. This room he occupied, with his furniture, at the time of his mother's death, which happened sometime in the spring of 1876. After the death of the mother, Corrilla, the succeeding devisee for life, demanded of the plaintiff the surrender of the room occupied by him, but which he refused. Whereupon William S. Brown, the husband, of Corrilla, and Hall Brown, his brother, by the direction and authority of Corrilla, entered the room thus occupied by the plaintiff, without his permission and against his protest, and took therefrom the various articles of personal property belonging to the plaintiff, and deposited them on the public street of the town, where they remained for some time, until some portion of them were, because the town authorities objected to their remaining on the street, removed to a stable near by, where they remained at the time of the trial; the goods thus removed being all the while subject to the control and ownership of the plaintiff.

This is the proof on the part of the plaintiff, and there is no evidence whatever that there was any want of care in the removal of the goods, or that any injury was done them more than was necessary for their removal and deposit.

On this proof, the Court was requested by the defendants to instruct the jury, that, under the pleadings in the cause, if they found the facts as we have stated them, their verdict should be for the defendants; which instruction was given, and in the correctness of which we entirely concur.

There is nothing in the facts stated, and which have been found by the jury, that would, in the least, justify a pretension that there had been any such conversion of the personal effects of the plaintiff as would entitle him to recover under the first count of his declaration. There was no evidence whatever of any intention on the part of the defendants either to take to themselves the property in the goods, or in any manner to deprive the plaintiff of them. To entitle him to recover on the count in trover, such proof would have been required. *Dietus vs. Foss*, 8 *Md.*, 148; *Simmons vs. Lillystone*, 8 *Ex.*, 431, 442; *Burroughes vs. Bayne*, 5 *H. & N.*, 296; *Pillot vs. Wilkinson*, 2 *H. & Colt.*, 72.

The real question in the case is that which arose under the count for trespass, for the breaking and entering the room of the plaintiff, and removing his goods therefrom. And to decide this question we must first determine as to the right of the plaintiff to the possession of the premises as against the defendant, Corrilla Brown, under whom the other defendants justify.

The original entry of the plaintiff was not wrongful; he entered and occupied the room by the permission and under the authority of his mother, who was life tenant of the premises. But at her death his right ceased; and, as against the succeeding tenant for life, he became a mere tenant at sufferance. This tenancy is defined to exist,

where one comes into possession of land rightfully, but holds over without right. 2 *Bl. Com.*, 150 ; 1 *Washb. R. Pro.*, 533. From the time of the demand made, the plaintiff's possession was held by actual wrong, as against his sister, the devisee for life under his father's will.

At the common law, and prior to the old statutes to restrain forcible entries, wherever a right of entry existed, the party entitled to such right might lawfully enter, oust the disseisor, and regain the possession by force, if force was necessary for that purpose. 1 *Reeve's Hist. E. L.*, 322 ; 3 *Id.*, 202 ; *Co. Litt.*, 257, *a, note* (1) *by Butler.* The exercise of this right frequently gave rise to tumult and breaches of the peace, and to restrain such disorders, the *St.* 5 *R.* 2, *c.* 8, was enacted, whereby it was declared, that none, from thenceforth, should make any entry into lands and tenements, but in cases where entry was given by the law ; and in that case, not with a strong hand, or with a multitude of people, but only in a peaceable and easy manner ; and that persons convicted of doing the contrary should be punished by imprisonment, to be ransomed at the pleasure of the King. Since this statute, as before its passage, the owner of real property, having a right of entry, may enter peaceably upon one who is in possession without right; and that by the terms of the statute itself. But if the entry of such party be with a strong hand, or with a multitude of people, it becomes an offence, for which he is made criminally liable under the statute. It does not follow, however, because the party making the entry may have committed an offence against the public peace, that therefore the party holding by wrong should have a private right of action for damages. In such case as the present, he could have no claim to be restored to the possession of the premises ; nor could he, with any show of justice, make claim to damages, as against the rightful owner, for being turned out of possession which he held by wrong. Whatever diversity of

opinion upon this subject may have formerly existed, the law, both in England and this country, would seem now perfectly well settled to be, as stated by Mr. Washburn, in his work on *Real Property, Vol.* 1, 538, (*3rd Ed.*,) that if the owner of land wrongfully held by another, enter and expel the occupant, but makes use of no more force than is reasonably necessary to accomplish this, he will not be liable to an action of trespass *quare clausum,* nor for assault and battery, nor for injury to the occupant's goods, although, in order to effect such expulsion and removal, it becomes necessary to use so much force and violence as to subject him to indictment at common law for a breach of the peace, or under the statute for making a forcible entry. For this the author cites many authorities, but we need only refer to the cases of *Turner vs. Maymott,* 1 *Bing.,* 159; *Harvey vs. Bridges,* 14 *M. & W.,* 442; *Hyatt vs. Wood,* 4 *John.,* 150; *Overdeer vs. Lewis,* 1 *W. & Sergt.,* 90.

The prayers offered by the plaintiff were all based upon the theory that because the defendants entered the room without his consent and against his protest, that, therefore, they were wrong-doers, and that the removal of the goods from the room was without justification. But, as we have shown, this was not the case; and the Court was, therefore, right in rejecting all the prayers offered by the plaintiff.

If, in effecting the entry, and clearing the possession, there be any unnecessary force used, or any want of reasonable care, whereby injury be done the person or the goods of the occupant, an action may be sustained for such injury; but there is nothing of the sort apparent in this case.

It follows that the judgment must be affirmed.

*Judgment affirmed.*

(Decided February 28th, 1878.)