# WILLIAM W. STORR *vs.* RICHARD JAMES.

*Trespass q. c. f.—When Defendant May Prove Title in Himself Without Pleading Liberum Tenementum—Partition—Sale of Land to Enforce Payment of Owelty—Title of Purchaser—Adverse Possession—Enclosure of Land—Instructions—Evidence.*

If the evidence offered be relevant, it is admissible although taken by itself it may be insufficient to support the issue it is adduced to establish.

When upon a partition of land by commissioners, notes are executed by one of the heirs to others to secure the payment of owelty, and a bill in equity is subsequently filed for the sale of the land to enforce payment of the notes, a deed by the trustee to make the sale conveys the title to the purchaser and a deed from the commissioners who made the partition is not necessary.

In an action of trespass *quare clausum fregit*, the defendant may show title to the land and a right of possession in himself without pleading *liberum tenementum*.

When it is not necessary for a defendant in trespass *q. c. f.* to justify the removal of personal property from the premises in dispute, he may, under the plea of not guilty, show title in himself to the *locus in quo*.

When the whole law of a case has been fairly submitted to the jury by the instructions actually given, a refusal to grant other prayers which reiterate the same principles in different words is not erroneous.

Though a title by adverse possession may be established without proving an actual enclosure of the land, yet an enclosure is, when erected by a party relying on a title by prescription, some evidence tending to show the character of his claim.

But when the defendant under whom the plaintiff does not claim erects a fence for his own purposes, within his own lines, such a fence is not an enclosure by the plaintiff and cannot be relied on by him to show adverse possession by enclosure.

Appeal from the Circuit Court for Dorchester County. The controversy between the parties to this appeal related chiefly to the true location of the lines describing their re-

spective tracts of land. The trial Court (HOLLAND and
LLOYD, JJ.), granted the following prayers :

*Plaintiff's 1st Prayer.*—That if the jury believe from the
evidence that the plaintiff had actual, notorious, adverse, ex-
clusive, uninterrupted and continuous possession of the land
mentioned in the declaration and laid down in the surveyor's
plot in evidence in the cause on behalf of the plaintiff, by
actual enclosures and under claim of title for more than 20
years immediately preceding the time of the alleged tres-
passes, or any of them, of the defendant, and at said time
was still in possession thereof as aforesaid ; and if they fur-
ther believe from the evidence, that the defendant, either in
person or by an agent or employee, did, in the summer of
the year 1894, without the consent of the plaintiff, enter
upon said land and commit the trespasses alleged, or any
of them, then they will find for the plaintiff ; and in consid-
ering the question of continuity of possession, the jury are
not to consider, as an interruption thereof any mere tem-
porary taking down of the fencing between the lands of the
plaintiff and defendant by either of them for the purpose of
repairing the same, or the erection of a new species of fenc-
ing in lieu of the old, if they find that there was not such
taking down for the purposes aforesaid ; if they further find
that the said fencing, when replaced, was replaced on or
about the same lines, and that the alleged trepasses were
committed on a part of said land embraced therein. (Granted).

*Plaintiff's 5th Prayer.*—That if they believe from the evi-
dence that the plaintiff took possession of the Mineral Hill
farm mentioned in the declaration in the year 1866, 1867,
1868, 1869 or 1870, and that, on taking possession, he
found near the line described in the deed from Alexander
W. Hurley and wife to him and John H. Storr in evidence
before them, if they find such deed, a crooked fence appar-
ently forming the division boundary between the land so
conveyed by Hurley and wife and the land reserved by said
deed ; and if they further believe that the said fence has
been recognized as the division fence between the farms

ever since said date by the plaintiff on the one side and the said Alex. W. Hurley and his heirs, devisees and grantees on the other, up to the time of the trespasses alleged in the declaration, then the jury may find that the plaintiff is entitled· to hold the said land up to said fence ·by over 20 years' adverse possession as the same now runs, although they may further believe that the said fence in the course of removal and reconstruction may have been removed a few yards or feet inward on said plaintiff's or defendant's side of the line ; provided, the jury shall further find that the plaintiff has always since said date had all the field on his, or the western side of said fence completely enclosed by fences connecting with said division fence, and claimed title thereto. (Granted).

*Defendant's 1st Prayer.*—If the jury believe from the evidence that the piece of land in dispute and upon which the alleged acts of trespass were committed is within the lines of the defendant's deeds and title papers offered in evidence, and not within the lines of the plaintiff's title papers, then the defendant is entitled to recover in this case, unless the jury further believe from the evidence that the plaintiff has had adverse, .exclusive and continuous possession of said piece or parcel of land in controversy, upon which any of said alleged acts of trespass were committed, for a period of ·twenty years prior to the institution of this suit, and the burden of proof of such adverse, exclusive and continuous possession is upon the plaintiff. (Conceded).

*Defendant's 2d Prayer.*—If the jury believe from the evidence that the piece or parcel of land in dispute and upon which the alleged acts of trespass were committed is within the line of the defendant's deeds and title papers offered in evidence, and if they further believe from the evidence that the defendant, for his own purposes, did erect a certain fence, within his said lines, under said deeds and title papers, such fence having been erected by the defendant himself as aforesaid, and not by the plaintiff, is not an enclosure of the plaintiff, and does not afford evidence of

adverse possession in the plaintiff by enclosure.   (Granted).

The jury returned a verdict for the defendant, and from the judgment thereon the plaintiff appealed.

The cause was argued before McSHERRY, C. J., BRYAN, FOWLER, BRISCOE, PAGE, ROBERTS and BOYD, JJ.

*Clement Sullivane,* for appellant.

*Alonzo L. Miles,* for the appellee.

McSHERRY, C. J., delivered the opinion of the Court.

This is an action of trespass *quare clausum fregit.* To the declaration, which contains six counts, the defendant pleaded that he did not commit the wrong alleged ; second, *liberum tenementum ;* and third, that the land mentioned in the *narr.* was not, at the time the alleged trespasses were committed, the land of the plaintiff.   He then took defence on warrant.   Issue was joined on the first and third pleas, and by way of replication to the second plea the plaintiff new assigned.   To the replications new assigning, the defendant rejoined that he did not commit the wrong alleged. The record contains five bills of exception, three of which embody rulings of the Circuit Court for Dorchester County on questions respecting the admissibility of evidence, and two bring up for review the action of the lower Court upon the several prayers for instructions to the jury.

The plaintiff offered in evidence sundry conveyances to establish his title to the *locus in quo* and adduced testimony relative to the alleged trespasses and as to his continuous and adverse holding, and then closed his case ; whereupon the defendant, to show that the plaintiff had no title to the *locus in quo*, offered in evidence several deeds of convey-ance and the record of proceedings in an equity case be-tween the heirs at law of Silas Fleming and the administra-trix and heirs at law of one Alexander H. Hurley.   To the admissibility of these deeds and equity proceedings the plaintiff objected on grounds which will be stated in a

moment, but the Court overruled the objection and permitted the evidence to go to the jury. This ruling forms the ground of the first exception.

The lands owned by both the plaintiff and defendant are adjoining parcels, and at one time formed one tract which belonged to Silas Fleming. Upon the death of Fleming proceedings were had, under the act to direct descents, to lay off and partition his real estate. In this partition a lot designated No. 2 and embracing all the land now in controversy was allotted to Alexander H. Hurley in right of his wife, Sarah Jane Hurley, who was. one of the heirs of Silas Fleming. The value of the land thus allotted exceeded the share to which Sarah Jane Hurley was entitled, and for the amount of this excess Alexander H. Hurley gave his notes. Subsequently Hurley and his wife sold a portion of this property to Thomas Storr, who died before receiving a deed therefor. After the death of Thomas Storr, Hurley and wife conveyed the portion so sold to Thomas Storr, to Storr's two sons, John H. and William W. Storr. Later on John H. Storr and wife conveyed John H. Storr's undivided half interest to the plaintiff, William W. Storr. In 1876 the heirs of Fleming, other than Mrs. Hurley, filed a bill in equity against Storr and others to enforce the lien of the notes given by Hurley for the above mentioned owelty of partition, and the land so conveyed to William W. Storr was sold under the decree passed in the said equity proceedings and at the sale was purchased by the plaintiff. The sale was ratified and the trustee conveyed the land to the purchaser, and under an order of the Court one of the commissioners who had made the partition of Fleming's real estate also executed a deed to the purchaser. After producing evidence tending to prove that the plaintiff had held the land in controversy under a claim of ownership for more than twenty years, the plaintiff closed his case. Thereupon the defendant offered in evidence the record of proceedings in an equity case instituted in 1869 by the heirs of Silas Fleming (other than Sarah Jane Hurley) against

Sarah Jane Hurley, administratrix of Alexander H. Hurley, and the heirs at law of Alexander H. Hurley, to enforce the lien of the owelty of the partition notes against a part of lot No. 2 not embraced in the conveyance from Hurley and wife to Storr. This record showed that a decree for a sale had been passed, that a sale had been made to one Robert W. Hurley, in whose place and stead Richard James, the defendant in this suit, had been substituted as purchaser. At the same time a deed to James from the trustee who made the sale was also offered. To the admissibility of this record and deed the plaintiff objected on three grounds, namely : *First*, because among said equity papers a last will and testament of Alexander H. Hurley appeared, under and by which the land claimed by the defendant was devised to Sarah Jane Hurley, now living, during her natural life, which life estate did not pass by the decree and sale to the defendant, the substituted purchaser, for the reason that Sarah J. Hurley was not a party to the equity cause other than formally in her representative capacity as administratrix of her husband. *Second*, because no commissioner's deed was ever obtained by the defendant or those under whom he claims to vest in him a legal title derived from Silas Fleming. *Third*, because under the pleadings, a new assignment having been made and the defendant having only interposed the plea of not guilty thereto, he was not entitled to introduce any evidence under his defence upon warrant and his plea of *liberum tenementum*. The Court overruled these objections and admitted the evidence. This ruling is the one questioned in the first exception.

With respect to the first and second reasons assigned against the admissibility of the proposed evidence, it is only necessary to say, that if available at all, they ought to have been invoked at the close of the case by way of an instruction to the jury, or upon a motion to strike out. As each party has the right to offer his evidence in the order he may see fit, and as he cannot present the whole of it at one and

the same time, it frequently happens that some portion of it taken by itself, and altogether detached from the rest, is insufficient to support the issue, which it may be adduced to establish. · But this circumstance, if the evidence be relevant, and if there be no other reason for its exclusion, is no ground for its rejection. It may amount to only a link in a chain of evidence, and be of no value standing alone, its probative force depending on other circumstances to be subsequently adduced. Thus, in the first of the objections cited, the equity record, together with the deed to the defendant, was some evidence tending to show title in the defendant ; and the fact that a complete and perfect title in him was not made out thereby was no reason for excluding it. If, when the whole evidence was in, it appeared that there was an outstanding life estate in Sarah Jane Hurley, it would have been competent to the plaintiff to ask an instruction, to the effect that the defendant had failed to show a good legal title in himself, by reason of a subsisting life estate in Sarah Jane Hurley. The agreement found in the record, to the effect that the allegations of fact set forth in the objections, heretofore quoted, were to be treated as proved, we understand to be a substitute for the equity record. Its only office is to dispense with the necessity of inserting the equity proceedings in the record of this case. It may be further remarked as to the second objection, that no deed from the commissioners appointed to make partition of Silas Fleming's land was necessary to perfect the title of the defendant. The defendant became the substituted purchaser at a sale made in a proceeding, wherein the heirs of Silas Fleming other than Sarah J. Hurley were plaintiffs, and Sarah J. Hurley, as administratrix of Alexander H. Hurley, was, with others, defendants, and under that decree all the interest and estate of all the parties to the suit was sold, and the deed made by the trustee conveyed that interest and estate to the defendant.

With respect to the third ground of objection to the admissibility of the record evidence offered by the defendant,

we see no difficulty. That objection is founded on the assumption, that the defendant was not at liberty to show title and the right of possession in himself, unless he had pleaded *liberum tenementum,* and that inasmuch as by the new assignment all the former pleadings, including the defendant's plea of *liberum tenementum* were eliminated from the case, there was no issue under which the evidence was admissible. It is undoubtedly true that the new assignment was in legal effect a new declaration, in which damages were claimed for trespasses, other than those which the plea of *liberum tenementum* admitted and justified ; and it is also true that it became necessary for the defendant to make rejoinder, because his former pleadings were no answers to the replications making new assignments or setting up other and different trespasses than those justified by the plea. He was at liberty to rely, by appropriate rejoinders, upon precisely the same defences that he could have interposed to the original declaration ; and if under the original plea of not guilty, it would have been competent to offer *liberum tenementum* in evidence, then equally under the rejoinder of not guilty to the replications new assigning, he was at liberty to offer the same evidence. Now, it is well settled that in this action, when there is no necessity to justify the removal of personal property from the premises in dispute, the defendant may, under the plea of not guilty, show title and the right of immediate possession in himself to the *locus in quo* as a complete answer to the plaintiff's claim ; for if the plaintiff have neither title nor a right of possession, he cannot maintain the action. In other words, when the removal of or injury to personal property is not involved, *liberum tenementum* may be given in evidence, under the plea of not guilty, or did not commit the wrong alleged. 1 *Chitty Pl.* 505 ; *Manning* v. *Brown,* 47 Md. 508 ; *Poe Pl.* 544. It is obvious, then, that the evidence was admissible. Its admissibility, and not its weight, is the sole question which the exception brings up, and as there was no error committed in admitting it, the ruling set forth in the first exception is free from objection.

The second and third exceptions were taken to the rulings, which admitted certain evidence that the plaintiff insists was not admissible, because *liberum tenementum* was not rejoined to the replications making new assignments. What has been said on this subject in considering the first exception disposes of these two also.

The fourth and fifth relate to the prayers. The plaintiff presented eight and the defendant two prayers. All of the plaintiff's, with the exception of the second, third and seventh, were granted. The defendant's first was conceded and his second was granted. The plaintiff, in the fourth bill of exceptions, complains of the rejection of his second, third and seventh prayers ; and in the fifth bill of exceptions, he insists that there was error in granting the defendant's second prayer.

The plaintiff's second and third prayers were properly refused, because they were both fully covered by his first, which was granted ; and his seventh being in substance and effect the same as his fifth, was for that reason rightly refused. Where the whole law of a case has been passed upon, and has been fairly submitted to the jury in the instructions actually given, a refusal to grant other prayers, which reiterate the same principles, though couched in different words, is not erroneous. Instructions are intended to give to the jury a clear and concise statement of the law governing the case. The duplication of instructions has a tendency to mislead or confuse, rather than to guide the jury, and thus to frustrate the very object intended to be accomplished by their being given at all.

There is no error in the fifth exception. The instruction complained of told the jury that if they found the land in dispute was within the lines of the defendant's deeds, and that if the defendant for his own purposes erected a fence within his lines, that then such " fence is not an enclosure of the plaintiff and does not afford evidence of adverse possession in the plaintiff by enclosure." This is self-evident. An actual enclosure though not necessary to prove possession (Code, Art. 75, sec. 76) is, when erected by a party re-

lying on a title by prescription, some evidence tending to show the character of his claim. It is his own affirmative act. It is given effect as evidence merely because it is his and no one else's act. It defines the extent of his claim and marks the outlines of his actual holdings. But where some one else under whom the plaintiff does not claim and with whom the plaintiff is not in privity of estate, erects a fence " for his own purposes," within his own lines, obviously such a fence is, of itself, not an enclosure of the plaintiff, and its construction is referable to no act or claim of the plaintiff at all, and consequently cannot be relied on by him to show an adverse possession in himself by enclosure. This is necessarily so when the hypothesis of the prayer sets forth, as in this case, that the fence was erected by the defendant within his own lines " for his own purposes." If the jury found that the fence was erected by the defendant for his own purposes, then they could not conclude that it was an enclosure of the plaintiff or that it afforded evidence of possession by the plaintiff by enclosure. *Doolittle* v. *Tice*, 41 Barb. 181.

Finding no errors in the rulings excepted to the judgment appealed from will be affirmed.

*Judgment affirmed with costs in this*
*Court and in the Court below.*

(Decided November 19th, 1896).