# ISABELL KIRBY

## *vs.*

## JESSE H. PORTER.

*Trover—Furniture in Apartment—Prevention of Removal—
Instructions.*

In an action of trover, plaintiff's prayer that if the jury find
that defendant converted the plaintiff's goods and chattels as
testified, to her own use or the use of any other person, their
verdict must be for plaintiff for such amount as they shall find
to have been the market value of such goods and chattels at the
time of the conversion, *held* to state with sufficient accuracy the
legal principles applicable to the facts of the case.        p. 263

That, in an action of trover, a granted prayer assumed the
fact that plaintiff owned the chattels described in the declara-
tion, cannot be considered on appeal, in the absence of a special
exception to the prayer on that ground.        p. 263

In dealing with a prayer which instructs the jury that there
is not sufficient evidence to permit a recovery, the Court of Ap-
peals will assume the truth of all the facts in evidence which
tend to support plaintiff's right to recover, together with such
inferences as may be naturally and legitimately drawn there-
from.        p. 264

It appearing, in an action of trover, that plaintiff had an
apartment in the house of defendant, his wife's mother, that,
after a quarrel with defendant, plaintiff left the house and
rented a house from his brother, and, returning the same night,
was unable to enter the apartment because it was locked, that,
several days later, he went to the apartment in order to remove
his furniture therefrom, and again found it locked, and that
when, upon defendant's refusal to open it, he was about to force
an entrance, defendant prevented him by force and threats, and
told him that he could not take his furniture, *held* that there
was evidence that defendant had control and possession of plain-

tiff's furniture, and that, by force and violence, she prevented him from taking possession thereof.                    pp. 264, 265

Plaintiff in trover need not show an acquisition of the property by defendant, since any wrongful interference with the owner's possession or right of possession is in law, either a conversion itself, or evidence from which a conversion may be implied.                    p. 266

Defendant's prayer that the jury were to consider the fact that plaintiff's goods were in defendant's possession only one day, and that possession was then held by plaintiff's wife, and that therefore plaintiff could recover nominal damages only, was properly refused, the measure of damages being the fair value of the goods converted, and whether defendant retained them for one day or longer being immaterial, and the prayer being also defective as assuming that the goods were in defendant's possession but one day, and that their possession was held by plaintiff's wife.                    p. 267

A prayer that if the door between plaintiff's apartment and defendant's house was locked and fastened when plaintiff requested the delivery of his furniture, defendant did not have such possession of the goods as would justify an inference that she had converted them to her use, was properly refused, since the fact that the door was locked did not indicate that defendant did not have possession, it not excluding the hypothesis that defendant herself locked the door.                    p. 268

*Decided December 6th, 1923.*

Appeal from the Circuit Court for Allegany County (Doub, J.).

Action by Jesse H. Porter against Isabell Kirby. From a judgment for plaintiff, defendant appeals. Affirmed.

Plaintiff's one prayer was as follows:

The plaintiff prays the court to instruct the jury that if they find from the evidence that Mrs. Isabell Kirby, the

defendant, converted the goods and chattels belonging to the plaintiff as testified to in this case to her own use or the use of any other person then their verdict must be for the plaintiff for such an amount as they shall find was the market value of said goods and chattels at the time of the conversion.

The cause was submitted on briefs to Boyd, C. J., Briscoe, Thomas, Pattison, Urner, Stockbridge, Adkins, and Offutt, JJ.

*Edward J. Ryan,* for the appellant.

*Charles G. Watson,* for the appellee.

Offutt, J., delivered the opinion of the Court.

The appeal in this case was taken from a judgment of the Circuit Court for Allegany County in favor of the plaintiff in an action of trover, brought by the appellee against the appellant for the alleged conversion to her use of a lot of household furniture, and the only question which the record presents for our consideration is whether the trial court erred in its rulings on the prayers.

The plaintiff offered one prayer and the defendant seven. The plaintiff's prayer was granted, as were the third, fourth and fifth prayers of the defendant. The others were refused.

The plaintiff's prayer states, we think, with sufficient accuracy the legal principles applicable to the facts of this case and was properly granted. It did assume a fact, that is, that the plaintiff owned the chattels described in the declaration, but as no special exception was filed to the prayer on that ground the objection cannot be noticed here.

The defendant's first prayer asserted the proposition that there was "no evidence" in the case to show that the defendant converted or intended to convert the goods mentioned in evidence and therefore the verdict of the jury must be for the defendant, while in her second prayer she asked that the jury be instructed that there was "no evidence" in the case

to prove that the defendant had the actual or constructive possession of the "goods" mentioned in evidence. While we do not approve the form of these prayers, nevertheless, if we assume that they were sufficient to challenge the legal sufficiency of the evidence in the case to permit a recovery, they were properly refused.

In dealing with them, in accordance with the established practice, we assume the truth of all the facts in evidence which tend to support the plaintiff's right to recover, together with such inferences as may be naturally and legitimately drawn therefrom.

Those facts are in substance as follows: Jesse H. Porter, the appellee, and Gaynell Porter, his wife, were, on May 7th, 1922, living in several rooms in a house owned by Mrs. Isabell Kirby, the mother of Mrs. Porter and the appellant in this case, at Eckhart, in Allegany County, Maryland, while Mrs. Kirby herself occupied the rest of the house. Mr. and Mrs. Porter had been on bad terms for some time prior to that date, and on that day Mrs. Kirby for some undisclosed reason violently cursed and abused Porter and finally took her daughter Gaynell, Porter's wife, out of his part of the house and told him that she would shoot him so full of holes that he would "look like a sifter." Notwithstanding that announcement, Porter remained in the house until the following morning, when he left for his work, and returned there again in the evening After remaining there a short time, he went to see a brother, who appears to have lived in the same neighborhood, and rented a house from him. After he had done that he returned, on the same night, that is the night of May 8th, to his apartment, but found it locked and he was unable to enter it, and after ascertaining that, being unable to gain admission, he left. At that time there was in his apartment certain furniture belonging to him which he wished to remove to the house which he had rented from his brother. He appears to have anticipated trouble in securing it and was afraid to go alone. He therefore employed two

constables to aid him in securing his furniture and, on May 15th, accompanied by them and a friend, he went to the Kirby house for the purpose of securing it. When he arrived there he found the door to his apartment fastened, so that he could not get into it, and called to Mrs. Kirby, who was employed in a garden nearby, and asked her to open the door. She refused to do that and he, having obtained a chisel and a hammer, indicated that he intended to use them to force an entrance to the house  Mrs. Kirby, however, successfully intervened. She roundly abused him, cursed him, told him that he should not go into the house, that she would kill him if he did go in, that he should not remove his furniture, that he had no business there, ordered him to go away and by physical force prevented him from entering the house. As a result of her attitude and her threats, he was unable to enter his apartment or to secure his furniture, and was compelled to leave it under the control of Mrs. Kirby. The appellant does indeed contend that the furniture was not under Mrs. Kirby's control, because it was in Porter's apartment, but Porter's apartment was in Mrs. Kirby's house, and the proposition that Mrs. Kirby, when she drove Porter away from her house and by force and violence prevented him from entering his apartment which was in her house and prevented him from securing his furniture, was not in possession and control both of his apartment and his furniture, cannot be seriously considered, and certainly these facts were at least sufficient to have warranted a jury in inferring that she was in control and possession of the furniture. These are all the material facts in the case. There are other facts which relate to the presence of Mrs. Kirby's son, his threatening attitude towards Porter when he came to obtain his furniture, and to the relations between Porter and his wife, but they are not essential to the consideration of the question before us and need not be further referred to.

The facts which we have enumerated are in our opinion legally sufficient to justify a recovery in this case, and we

find no error in the action of the lower court in refusing the defendant's first and second prayers.

In 1 *Poe. Pl. & Pr.,* sec. 522, it is said: "Looking to the form of declaration as given in the Code, it will be found to contain the simple averment 'that the defendant converted to his own use, *or* wrongfully deprived the plaintiff of the use of the plaintiff's goods.' This indicates very plainly that the wrong may consist either (1st) in the defendant's converting *to his own use* the plaintiff's goods, or (2nd) in wrongfully depriving the plaintiff of their use, even without converting them to his own use; and, hence, suit may properly be brought accordingly. In order, therefore, to give a plaintiff a right of action in trover, it is not necessary that he should be able to show an acquisition of the property by the defendant—for any wrongful interference with the owner's possession or right of possession is, in law, either a conversion itself, or evidence from which a previous or continuing conversion may be implied." So also it is said by the same author, paragraph 206, *Ibid*: "Now * * * it is sufficient to aver that the defendant converted to his own use the plaintiff's goods, describing them, and to claim damages resulting therefrom  And from this greatly abbreviated form of declaration it is readily perceived that the gist and essence of the action is the conversion." The action is possessory and it is essential that the plaintiff show that he had at the time of the conversion property in the chattel, and that he had the actual possession of it or the right to the immediate possession. *Ibid.* 207. And in *Chitty, Pleading,* vol. 1, page 135 (5th Am. Ed.), it is said: "The injury lies in the conversion and deprivation of the plaintiff's property, which is the gist of the action, * * * and the fact of the conversion does not necessarily import an acquisition of property in the defendant; * * * and it is for the recovery of damages to the value of the thing converted, and not the thing itself, which can only be recovered by action of detinue or replevin.   Lord Mansfield thus defined this action:  In

form it is a fiction; in substance it is a remedy to recover
the value of personal chattels wrongfully converted by an-
other to his own use; \* \* \*   No damages are recoverable for
the act of taking, all must be for the act of converting.  This
is the tort of maleficium and to entitle the plaintiff to re-
cover, two things are necessary: 1st, property in the plaintiff;
2ndly, a wrongful conversion by the defendant."

Dealing with the facts to which we have adverted in con-
nection with the principles thus stated, they sufficiently show:
1st, that the appellee at the time of the alleged conversion
owned and was entitled to the immediate possession of the
chattels; 2nd, that they were in an apartment which the plain-
tiff had rented from the defendant, but from which he had
been excluded by her, and that she had by force and violence
prevented him from assuming possession of the chattels in
question after he had demanded them of her.

The defendant in her sixth prayer asked the court to in-
struct the jury that, if they found for the plaintiff, they were
to consider the fact that the goods were in the possession of
the defendant for only one day and that possession was then
held by the wife of the plaintiff, and that therefore the plain-
tiff could only recover nominal damages.  It is sufficient to
say, in commenting upon the court's action in rejecting this
prayer, 1st, that the legal proposition contained in it cannot
be supported, because "conversion" as used in trover means
something more than mere detention, and if the defendant
"converted" the goods mentioned in the declaration to her
use at all, then the measure of damages would have been the
fair market value of the converted chattels at the time of the
conversion, and whether she retained possession of them for
one day or longer would have been quite immaterial; 2nd,
the prayer assumes facts, that the goods were in the posses-
sion of the defendant for but one day and that possession of
them was held by the wife of the plaintiff, and for this rea-
son alone the court would have been justified in refusing
that prayer.

By the defendant's seventh prayer she asked the court to instruct the jury that if the door between the Porter apartment and the Kirby house "was locked and fastened and was so on the 15th day of May, 1922" when Porter requested the delivery of his furniture, that then the defendant did not have such possession of the goods as would have justified an inference that she had converted them to her use. This prayer is clearly wrong. The mere fact that the door between Mrs. Kirby's part of the house and Porter's apartment was locked did not in itself indicate that Mrs. Kirby did not have possession of it, because it does not even exclude the hypothesis that Mrs. Kirby, who refused to permit Porter to enter his apartment, may herself have locked it, and it would be unreasonable to say that, if she had locked and fastened Porter's apartment, that the fact that it was actually locked and fastened, even under such circumstances, would have excluded the possibility of her having possession of the plaintiff's furniture.

Finding no error in the court's rulings on the prayers, the judgment appealed from will be affirmed.

*Judgment affirmed, with costs to the appellee.*