## WILLIAM H. GRAY *v.* ANNIE M. FRAZIER.
### [No. 49, October Term, 1929.]

*Decided January 8th, 1930.*

The cause was argued before BOND, C. J., PATTISON,. URNER, ADKINS, OFFUTT, DIGGES, and PARKE, JJ.

*Malcolm J. Coan,* with whom was *Paul M. Higinbotham* on the brief, for the appellant.

*Edwin. T. Dickerson,* for the appellee.

URNER, J., delivered the opinion of the Court.

On this appeal from a judgment for the plaintiff in an action of trover, the principal question for decision is raised by an exception to the refusal of the trial court to withdraw the case from the jury.

The suit is based upon a claim that the defendant con-- verted to his own use certain dresses and material, belonging to the plaintiff, and delivered by her to the defendant's wife, who was a dressmaker, for alteration and other work, which was unfinished at the time of the wife's death. The dress-making business was conducted in an upper story of the house which the defendant and his wife both occupied, though they were living in a state of marital separation. After her death, the plaintiff called at the home on a visit of condolence, and in the course of her conversation with the defendant on that. occasion mentioned to him, as she testified, that she had left some garments and dress goods in his wife's possession, and the defendant said that he would arrange with a woman, who had been employed as his wife's assistant in the business, to identify and separate the dresses belonging to the various patrons, and that, if the plaintiff would return in a week or ten days, she could obtain any of the clothing to which she was entitled. According to the plaintiff's testimony, she returned as the defendant had suggested, and he then told her that he did not know "whose clothes were upstairs,". and while he was not afraid to trust her, he wanted her to get Mrs. Bishop (the former assistant) to identify the dresses "before he would let anything go out of the house," but he

said that he did not know where Mrs. Bishop lived. Subsequently, the plaintiff said, she located Mrs. Bishop, and after repeatedly failing to see the defendant when she called at his home, and after further delay because of an injury to her foot, she finally found the defendant at home and asked him to remain there while she brought Mrs. Bishop to the house, and he said it was not necessary to do so, that she should go upstairs and get what belonged to her, and the defendant went up with her, but all of her dresses, except one, had disappeared, and "everything had been renovated." On her visit to the house immediately after the defendant's wife died, the plaintiff, as she testified, went upstairs and saw all of the dresses and goods specified in her claim. It may be inferred from the evidence that the defendant was thereafter in sole charge and control of the place where his wife's dressmaking business had been carried on, and had assumed the duty of having the dresses of her customers assorted and properly distributed. The former assistant of his wife did not testify in the case, and was not summoned by either party, although she is said to have promised the plaintiff to appear as a witness.

While the evidence is conflicting in some respects, the plaintiff is entitled to have the legal sufficiency of her testimony determined independently of its contradiction by the defense. It was a legally permissible inference from the evidence that the defendant succeeded his wife in the custody of the clothing described and claimed by the plaintiff, that she was its lawful owner and rightfully demanded its return, and that the articles were lost to her because of the defendant's attitude towards her efforts to recover their possession. The defendant's responsibility does not depend upon proof that he personally disposed of the plaintiff's property or profited from its disposition. There was an adequate basis for his liability in this action, if he unwarrantably interfered with the plaintiff's right of possession, and the goods were consequently misappropriated during the period of his control. *Kirby v. Porter,* 144 Md. 261; *Martin v. Lanahan,* 133 Md. 525; *Hammond v. DuBois,* 131 Md. 116; *Merchants*

*Bank v. Williams,* 110 Md. 334; *Manning v. Brown,* 47 Md. 506.

The opinion by Judge Offutt in *Kirby v. Porter, supra,* quoted from 1 *Poe's Pl. & Pr.,* sec. 522, as follows: "Looking to the form of declaration as given in the Code, it will be found to contain the simple averment 'that the defendant converted to his own use, or wrongfully deprived the plaintiff of the use of the plaintiff's goods.' This indicates very plainly that the wrong may consist either (1st) in the defendant's converting to his own use the plaintiff's goods, or (2nd) in wrongfully depriving the plaintiff of their use, even without converting them to his own use; and, hence, suit may properly be brought accordingly. In order, therefore, to give a plaintiff a right of action in trover, it is not necessary that he should be able to show an acquisition of the property by the defendant—for any wrongful interference with the owner's possession or right of possession is, in law, either a conversion itself, or evidence from which a previous or continuing conversion may be implied." The section quoted from thus concludes: "In short, any one who, without authority, interferes with the rightful owner's absolute dominion over his goods, whether he do it for his own personal advantage or for the advantage of another, or through inadvertence, or under a mistake as to his own legal rights, or otherwise, may be made responsible in trover."

Upon the evidence in the record, we think the court below was justified in its refusal to withdraw the case from the jury, as proposed by the defendant's first prayer.

By his third prayer the defendant requested an instruction that if, at the time of the plaintiff's demand for the delivery of the articles of clothing claimed in this suit, the defendant did not have them in his possession, then no conversion was committed by him, and a verdict in his favor should be rendered. There was no evidence that the goods in question were not in the defendant's possession when the demand was made for their return, and if they had previously passed from his control and custody, that fact would not be conclusive against the theory of the alleged conversion.

The first prayer of the plaintiff is the only one granted at her instance to which the defendant's brief makes objection. It is consistent with the principle which we have stated as applicable to the issue involved in the case, and was therefore properly granted.

There were several exceptions in the record to the admission of evidence, but those exceptions were not pressed, and we find no error in the rulings to which they were reserved.

*Judgment affirmed, with costs.*